## CITY OF NOME v. LOMEN COMMERCIAL CO.
No. 3500.

District Court of Alaska. Second Division. Nome.
July 15, 1941.

Leroy M. Sullivan, of Nome, for petitioner.
Ira D. Orton, of Seattle, Wash., for respondent.

MORISON, District Judge.

This action is brought by the petitioner to compel the respondent to file with the Council of the petitioner, or with some representative thereof, a written statement under oath, setting out a detailed list of all pieces and parcels of property employed by it in the year 1939 in connection with the lighterage business during the year 1939; to give a valuation of each separate piece of property so listed, together with a statement of the receipts and disbursements during the year 1939; the profits or losses sustained, etc.,

as a means of ascertaining whether "the rates charged by the respondent for the lighterage services furnished the petitioner and its inhabitants are fair, or whether they should be regulated, changed or fixed."

The petition avers that the respondent is a corporation organized under the laws of the Territory of Alaska; that during the year 1939 and 1940, and for years prior and also subsequent thereto, supplied the petitioner and the inhabitants thereof with lighterage service, whereby ocean borne passengers, freight, mail, express and other articles of every description were transported into the boundaries of the petitioner; and that outgoing passengers, freight, mail, and express and other articles were and are transported out of the boundaries of the petitioner to outgoing ships, and that the respondent did at all times make a charge and receive payment for the services rendered.

It further avers that the respondent failed and neglected to file with the council of the petitioner, or with the petitioner in any other manner or any other representative thereof, in the month of April, 1940, showing any list whatever of its pieces and parcels of property employed by it in connection with the lighterage enterprise for the calendar year of 1939, or showing any valuation of any property by the piece or parcel or in the aggregate, or any statement of receipts or disbursements of the profits made or the losses sustained, or to whom or for what any items were paid, notwithstanding such statement is required of the respondent to be filed with the Council of the petitioner by the provisions of Section 2413, Compiled Laws of Alaska, 1933, as amended by Chapter 36, Session Laws of Alaska, 1939; and that the failure of the respondent to file such statements has deprived the petitioner, the Council and the inhabitants thereof, of the information to which they are entitled, and the means of ascertaining whether the rates charged by the respondent for the lighterage service furnished the petitioner and its inhabitants are fair, or whether they should be regulated, changed or fixed.

This action is based upon section 2413 of the Compiled Laws of Alaska, as amended by Chapter 36 of the Session Laws of Alaska, 1939, and which declares as follows: "Every corporation, association and persons installing, operating or maintaining a public service plant for the purpose of supplying the city or the inhabitants thereof with telephone service, water, power, lighterage, wharfage, dockage, storage, heat or light, or rendering other kindred public service, shall keep correct books of account in permanent convenient form showing in detail the volume of business done, the character of the business done, the quantity and kind of service rendered, rates charged for same, and all expenses incurred in connection with the operation of the enterprise, showing the items of expense in detail, which said books shall be open to inspection by the mayor and the city council and by any duly accredited agent, auditor or representative appointed by the mayor or council."

And also that:

"Any person, firm or corporation operating any public service plant or public utility, who wilfully fails or refuses or neglects to file such report within the time specified shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than One Thousand Dollars."

Manifestly the purpose of this proceeding is the regulation of the charges of the respondent corporation for lighterage services rendered by the petitioner and its inhabitants, to and from the roadstead contiguous to the city of Nome, and from and into the docks within the city limits.

The respondent demurs to the petition on the grounds:

First: That the petitioner has no capacity to sue or prosecute this proceeding in its name.

Second: That said amended petition and said alternative writ of mandamus do not state facts sufficient to constitute a cause of action.

Third: That the amended petition and alternative writ of mandamus do not state facts sufficient to entitle petitioner to the relief prayed for therein, or any relief whatever.

In other words the defense set up by the respondent is that the petitioner has no capacity to maintain this action; nor states in its petition and alternative writ of mandamus facts sufficient to entitle the petitioner to the relief prayed for.

Unquestionably, the respondent is a common carrier by water in interstate commerce. The statute declares that: "The term 'common carrier by water in interstate commerce' means a common carrier engaged in the transportation by water of passengers or property on the high seas or the Great Lakes on regular routes from port to port between one State, Territory, District, or possession of the United States and any other State, Territory, District, or possession of the United States, or between places in the same Territory, District or possession." 46 U.S.C.A., § 801; 46 U.S.C.A., § 845b.

And it is provided by statute that:

"Every common carrier by water in intercoastal commerce shall file with the United States Maritime Commission and keep open to public inspection schedules showing all the rates, fares, and charges for or in connection with transportation between intercoastal points on its own route.
\* \* \*

"The schedules filed and kept open to public inspection as aforesaid by any such carrier shall plainly show the places between which passengers and/or freight will be carried, and shall contain the classification of freight and of passenger accommodations in force, and shall also state separately each terminal or other charge, privilege, or facility, granted or allowed, and any rules or regulations which in anywise change, affect, or determine any part of the aggregate of such aforesaid rates, fares, or charges, or the value of the service rendered to the passenger, consignor, or consignee.

"Such carriers in establishing and fixing rates, fares, or charges may make equal rates, fares, or charges for similar service between all ports of origin and all ports of destination, and it shall be unlawful for any such carrier,

either directly or indirectly, through the medium of any agreement, conference, association, understanding, or otherwise, to prevent or attempt to prevent any such carrier from extending service to any publicly owned terminal located on any improvement project authorized by the Congress at the same rates which it charges at its nearest regular port of call.

"Such schedules shall be plainly printed, and copies shall be kept posted in a public and conspicuous place at every wharf, dock, and office of such carrier where passengers or freight are received for transportation, in such manner that they shall be readily accessible to the public and can be conveniently inspected.

"No change shall be made in the rates, fares, or charges, or classifications, rules, or regulations, which have been filed and posted as required by this section, except by the publication, filing, and posting as aforesaid of a new schedule or schedules which shall become effective not earlier than thirty days after date of posting and filing thereof with the Commission, and such schedule or schedules shall plainly show the changes proposed to be made in the schedule or schedules then in force and the time when the rates, fares, charges, classifications, rules or regulations as changed are to become effective   *   *   *.

"From and after ninety days following March 3, 1933, no person shall engage in transportation as a common carrier by water in intercoastal commerce unless and until its schedules as provided by this section have been duly and properly filed and posted; nor shall any common carrier by water in intercoastal commerce charge or demand or collect or receive a greater or less or different compensation for the transportation of passengers or property or for any service in connection therewith than the rates, fares, and/or charges which are specified in its schedules filed with the Commission and duly posted and in effect at the time; nor shall any such carrier refund or remit in any manner or by any device any portion of the rates, fares, or charges so

specified, nor extend or deny to any person any privilege or facility, except in accordance with such schedules.

"The Commission shall by regulations prescribe the form and manner in which the schedules required by this section shall be published, filed, and posted; and the Commission is authorized to reject any schedule filed with it which is not in consonance with this section and with such regulations. Any schedule so rejected by the Commission shall be void and its use shall be unlawful.

"Any violation of any provision of this section by a common carrier by water in intercoastal commerce shall be punished by a fine of not less than $1,000 nor more than $5,000 for each act of violation and/or for each day such violation continues, to be recovered by the United States in a civil action." 46 U.S.C.A. § 844.

And it is further and specifically declared that the provisions of this chapter are extended and apply to every common carrier by water in interstate commerce, as defined in section 801 of this title. 46 U.S.C.A. § 845b.

■ The foregoing statutes cited and quoted by the Court directly and specifically define their purposes and provide particular means and processes for the adjustment of all "rates, fares, and charges" for and in connection with the transportation by common carriers by water in interstate commerce. They are full and complete, and constitute the only remedy provided by law for such purpose.

■ The Court is of the further opinion that Chapter 36 of the Session Laws of Alaska, 1939, was not intended to regulate common carriers by water in interstate commerce, as defined in 46 U.S.C.A. §§ 801 and 845b; but, if so intended, then, in so far as the statute provides for such regulation, it is in conflict with section 8 of the First Article of the Federal Constitution, and therefore void.

Consequently the demurrer to the petition is sustained and the petition dismissed. The petitioner will be taxed with all costs.